IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE CROWELL CORPORATION          :
                                 :
        Plaintiff,               :
                                 :
    v.                           :   Civil Action No. 04-259 JJF
                                 :
PACE INTERNATIONAL UNION,        :
AFL-CIO CLC LOCAL 2-0770,        :
                                 :
        Defendant.               :

Barry M. Willoughby, Esquire, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.
Attorney for Plaintiff.

Joseph Rhoades, Esquire, LAW OFFICES OF JOSEPH J. RHOADES, Wilmington, Delaware.
Attorney for Defendant.

**MEMORANDUM OPINION**

March 30, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court are the parties' cross-motions for summary judgment, as well as Defendant's request for attorneys' fees. For the reasons discussed, Defendant's Motion For Summary Judgment (D.I. 5-1) will be granted, Plaintiff's Motion For Summary Judgment (D.I. 11) will be denied, and Defendant's Motion For Attorney's Fees (D.I. 5-2) will be denied.

**I.   Background**

Plaintiff The Crowell Corporation ("Crowell") is a Delaware manufacturer of packing tape and other products. It has a collective bargaining agreement with Defendant PACE International Union ("the Union"). (See D.I. 14, Ex. 1.)

Crowell has a "no fault" attendance policy for its employees which designates point values for different types of absences or late arrivals. (D.I. 14, Ex. 3.) The policy provides that an employee accumulating ten points will be subject to discharge. (Id.)

On July 7, 2003, Grievant Robert Blisard ("Mr. Blisard") arrived late for work. On July 10, 2003, Crowell discharged Mr. Blisard for accumulating ten points. The Union grieved Mr. Blisard's dismissal and eventually requested arbitration pursuant to Section XI of the collective bargaining agreement.

**II.  Procedural History**

On February 11, 2004, Arbitrator Lawrence Coburn ("the Arbitrator") held a hearing with the parties. (See D.I. 14.) He

found that, leading up to the termination, Crowell had properly charged Mr. Blisard with 9 ½ points. (<u>Id.</u> at 10.) The Arbitrator further found that, had Mr. Blisard been assessed a ½ point for his late arrival on July 7, 2003, he would have been subject to discharge under the attendance policy. (<u>Id.</u>)

The Arbitrator concluded, however, that Crowell did not have proper cause to discharge Mr. Blisard. (<u>Id.</u> at 10-12.) The Arbitrator based his conclusion on an alleged phone conversation between Mr. Blisard and Darin Southers, the Company's Production Supervisor. The Arbitrator found that, on July 7, 2003, before Mr. Blisard arrived late for work, Mr. Southers telephoned him. During their conversation, Mr. Blisard told Mr. Southers that he had forgotten his schedule change and could not get to work on time. He also expressed his concern that, if he was assessed a ½ point, he could be fired under the attendance policy. The Arbitrator found that Mr. Souther's responded, "Don't worry, I'll take care of it. Come on in and don't punch in." The Arbitrator recognized that Mr. Southers did not have actual authority to make such a decision about discipline, but found that Mr. Southers "had apparent authority to speak on behalf of management with regard to disciplinary matters," and, therefore, Mr. Blisard "reasonably could rely on his assurance." (<u>Id.</u> at 11.) For this reason, the Arbitrator concluded that Crowell did not have proper cause to discharge Mr. Blisard and thus directed

Crowell to reinstate Mr. Blisard without back pay.  (Id. at 11-12.)

III.   Discussion

    A.   Summary Judgment

        1.   Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

        2.   Parties' Contentions

By its motion, the Union contends that the Arbitrator's award should be enforced because it draws its essence from the collective bargaining agreement and, therefore, deserves deference.

In response, Crowell contends that the Court must set aside the arbitration award.  First, Crowell contends that the arbitration award fails to take its essence from the collective bargaining agreement.  Crowell argues that the Arbitrator improperly "dispense[d] his own brand of industrial justice," Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593 (1960), rather than interpreting and applying the simple terms of

3

the collective bargaining agreement. Crowell contends that nothing in the agreement authorized the arbitrator to disregard an occurrence under the company no fault attendance policy. Instead, argues Crowell, the policy provides specific circumstances for not counting an occurrence, which do not apply to Mr. Blisard. Crowell contends that the Arbitrator's decision violated the express language of the collective bargaining agreement, which provides, "The arbitrator shall not have the power to alter, amend, add to, or subtract from any part of this Agreement ...." (D.I. 14, Ex. 1 at 8.)

Second, Crowell contends that the arbitration award is contrary to established law. Crowell argues that the Arbitrator had no legal basis for concluding that Mr. Blisard could rely on Mr. Souther's statement that "he would take care of it" because, as the Arbitrator acknowledged, Mr. Southers did not have the authority to make decisions regarding the termination of employees. Further, Crowell contends that Mr. Blisard could not rely on the statement because the conduct that led to his dismissal, his failure to arrive at work on time, had already occurred.

Third, Crowell contends that the Arbitrator's reliance on Mr. Blisard's July 7, 2003, conversation with Mr. Southers was improper because the Union did not raise this argument until arbitration.

4

3.  *Decision*

Courts exercise very limited review of arbitration awards issued pursuant to a collective bargaining agreement. United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36-38, 108 S.Ct. 364, 369-70, 98 L.Ed.2d 286 (1987). A district court may not correct factual or legal errors made by an arbitrator. Brentwood Medical Assoc. v. United Mine Workers of Am., 396 F.3d 237, 240 (3d Cir. 2005). Rather, "[a] district court may determine only whether or not an arbitrator's award 'draws its essence' from the parties' collective bargaining agreement." Id. at 240 (citing Misco, 484 U.S. at 36). "An award draws its essence from a collective bargaining agreement if its interpretation can *in any rational way* be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." Brentwood, 396 F.3d at 241 citing United Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379-80 (3d Cir. 1995). The Third Circuit Court of Appeals has held that a court may vacate an arbitrator's award only "if there is no support in the record for its determination or if it reflects a 'manifest disregard of the [collective bargaining] agreement, totally unsupported by principles of contract construction....' " Exxon Shipping Co. v. Exxon Seamen's Union, 993 F.2d 357, 360 (3d Cir.1993) (quoting News Am. Publications, Inc. v. Newark Typographical Union, Local

5

103, 918 F.2d 21, 24 (3d Cir.1990)); see United Indus. Workers v. Gov't of Virgin Islands, 987 F.2d 162, 170 (3d Cir.1993) (court may not vacate an award merely because it views the merits differently or because it finds that the award was based on an error of law). This judicial deference to an arbitrator's award extends to the remedy awarded. See United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. at 597, 80 S.Ct. at 1361 (an arbitrator "is to bring his [or her] informed judgment to bear in order to reach a fair resolution of a problem. This is especially true when it comes to formulating remedies.").

In this case, the Court concludes that the Arbitrator's award drew its essence from the parties' collective bargaining agreement. The Arbitrator construed the collective bargaining agreement to provide that Crowell's right to discharge was limited to instances of "proper cause." Such a construction was not made in manifest disregard for the collective bargaining agreement. Rather, the Court concludes that the Arbitrator based his decision on language from the collective bargaining agreement:

> Except as limited by the specific terms of this Agreement, the management of the Company and direction of its working forces, including the right to hire, transfer, promote, demote, maintain efficiency of employees, establish rules of conduct, discipline, *discharge for proper cause*, to increase or decrease the working force is vested solely in the Company ...."

(D.I. 14, Ex. 1 at 1 (emphasis added).) The Third Circuit has

6

held that a "just cause" requirement for discharge allows an arbitrator "to apply the surrounding facts and circumstances to his interpretation of the contract to determine whether or not discharge is proper." ARCO-Polymers, Inc. v. Local 8-74, 671 F.2d 752, 756 (3d Cir. 1983). Regardless of whether the Court agrees with the Arbitrator's application of the phrase, the Court concludes that his construction drew its essence from the language of the collective bargaining agreement. It was a direct application of the "proper cause" language and not the Arbitrator's own brand of industrial justice.

Further, the Court concludes that it was reasonable for the Arbitrator to conclude that Mr. Souther's assurance to Mr. Blisard that "he would take care of it" would create reasonable reliance. The Arbitrator recognized that Mr. Southers did not have actual authority, but found that Mr. Southers had apparent authority. The Arbitrator credited Blisard's testimony that Blisard thought he could rely on the statement. Further, while Blisard's misconduct had already occurred, it was reasonable for the Arbitrator to conclude that the agreement's "proper cause" language prevented Crowell from firing an employee for an offense it had already promised to overlook.

Finally, the Court finds that the Arbitrator's decision to admit the evidence of Mr. Blisard's conversation with Mr. Southers was a procedural matter. Given its limited review of

7

such decisions, the Court concludes that the admission of the disputed evidence was within the authority of the Arbitrator.

For these reasons, the Court will grant the Union's Motion For Summary Judgment (D.I. 5-1) and deny Crowell's Motion For Summary Judgment (D.I. 11).

**B.  Attorneys' Fees**

The Union further contends that it is entitled to attorneys' fees because Crowell's Complaint is without any basis in fact or law, and was filed in bad faith. In reponse, Crowell contends that its arguments are not only reasonable, but meritorious.

The Third Circuit has held that "[i]n suits to compel one party to submit to arbitration or abide by an award, fees are generally awarded if the defaulting party acted without justification, or if the party resisting arbitration did not have a "reasonable chance to prevail." Chauffeurs, Teamsters & Helpers v. Stroehmann Bros., 625 F.2d 1092, 1094 (3d Cir. 1980) (internal citations omitted). In this case, the Court finds that Union has not demonstrated that Crowell did not have a reasonable chance to prevail, and therefore, the Court concludes that attorneys fees are not warranted.

**IV. Conclusion**

For the reasons discussed, the Court will grant the Union's Motion For Summary Judgment (D.I. 5-1), deny Crowell's Motion For Summary Judgment (D.I. 11), and deny the Union's Motion For Attorney's Fees (D.I. 5-2).

An appropriate Order will be entered.