04-04

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

C10c1cu

2005 MAY 13  PM 3: 12

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE CROWELL CORPORATION, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| PACE INTERNATIONAL UNION, AFL-CIO CLC LOCAL 2-0770, | : | |
| Defendant | : | NO. 1-04-CV-259 (JJF) |

## DEFENDANT'S MOTION FOR RELIEF

Comes now, defendant PACE International Union Local 2-0770, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and moves the Court to grant it relief from the Order of March 30, 2005, to the extent that the Order does not provide for monetary relief for the individual grievant, Robert Blisard, notwithstanding that defendant Crowell was directed by the arbitrator on March 26, 2004, to reinstate Blisard "forthwith" and has only complied with that directive as of May 2, 2005, and states in further support as follows:

1.     Although the Arbitrator did not award Blisard back pay, he did order that the Crowell Company reinstate him "forthwith."

2.     Rather than reinstating Blisard, Crowell sought to have the arbitration award vacated by filing the instant action before this Court on April 22, 2004.

3.     On March 30, 2005, the Court granted the Union's motion for summary judgment, thereby confirming and enforcing the Arbitrator's Award.

4.      Notwithstanding the confirmed Award, that required that Blisard be reinstated "forthwith," Blisard was denied reinstatement and, therefore, pay, for almost a full year after the Arbitrator's Award and Order that he be immediately returned to his former employment with Crowell.

5.      In order to correct this injustice, the Union should be granted relief from the aforesaid Order of this Court by directing that Crowell pay to Blisard back pay and to make him whole for lost fringe benefits or contributions from the date of the Arbitration Award.

6.      Alternatively, the matter should be remanded to Arbitrator Lawrence S. Coburn, who rendered the original Award, for a determination of what further relief, if any, is appropriate.

WHEREFORE, PACE's motion for relief from judgment should be granted and the Court should enter an Order providing the further relief sought on behalf of Blisard or directing that the matter be remanded to Arbitrator Coburn for further consideration.

Respectfully submitted,


**LAW OFFICES OF JOSEPH J. RHOADES**


Joseph Rhoades, Esquire
P.O. Box 874
1200 Legal Arts Building
1225 King Street
Wilmington, DE 19899
(302) 427-9500

2

**MARKOWITZ & RICHMAN**

Stephen C. Richman, Esquire
Thomas H. Kohn, Esquire
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
(215) 875-3100

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE CROWELL CORPORATION, | : | CIVIL ACTION |
| Plaintiff | : | |
| vi. | : | |
| PACE INTERNATIONAL UNION, AFL-CIO CLC LOCAL 2-0770, | : | |
| Defendant | : | NO. 1-04-CV-259 (JJF) |

## **ORDER**

AND NOW, this _____ day of _____, 2005, upon consideration of PACE Local 2-0770's motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and Crowell Corporation's opposition thereto, and for just and equitable reasons, it is hereby ORDERED that the motion is GRANTED and it is further ORDERED that Crowell shall pay to Robert Blisard back pay, calculated at the contractual rate based upon 40 hours per week, and shall otherwise make him whole for lost fringe benefits or benefit contributions, if any, from the date of the Arbitration Award to the date of his reinstatement to the employ of Crowell.

SO ORDERED:

_____
JOSEPH FARNAN, District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE CROWELL CORPORATION, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| PACE INTERNATIONAL UNION, | : | |
| AFL-CIO CLC LOCAL 2-0770, | : | |
| | : | |
| | : | |
| Defendant | : | NO. 1-04-CV-259 (JJF) |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR RELIEF

### I.    INTRODUCTION

This litigation was initiated on April 22, 2004, by The Crowell Corporation

("Crowell"), which sought to vacate an arbitration award ("Award") that was rendered by

Lawrence Coburn on March 26, 2004, in favor of PACE Local Union 2-0770 ("Union")

and the individual grievant, Robert Blisard ("Blisard"). In that Award, Arbitrator Coburn

had directed that Crowell reinstate Blisard "forthwith," albeit without back pay.

The Union filed a cross-claim for enforcement of the Award and the parties filed

cross-motions for summary judgment. On March 30, 2005, this Court denied Crowell's

motion and granted the Union's motion to enforce the Award. Crowell reinstated Blisard

on May 2, 2005, which means that he was in a no-pay status for more than 13 months,

notwithstanding Arbitrator Coburn's directive dated March 26, 2004, that Crowell

reinstate him forthwith.

The Union has demanded that Crowell pay Blisard back pay for the period

between the date of the Award and Crowell's compliance with the Arbitrator's order to

reinstate Blisard. Crowell has declined to make any such payment. Accordingly, the

Union now files the instant motion for relief and seeks an order from this Court to require

Crowell to pay Blisard for that period of time or, alternatively, to remand the matter to

Arbitrator Coburn for his further direction.

## II.    ARGUMENT

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, "On

motion and upon such terms as are just, the court may relieve a party...from a final

judgment, order, or proceeding" for any reason "justifying relief from the operation of the

judgment." It is well established that motions for relief from judgment are addressed to

the sound discretion of the court. *See Mayberry v. Maroney*, 529 F.2d 332, 335 (3d Cir.

1976); *Wagner v. Pennsylvania Railroad Company*, 282 F.2d 392, 396 (3d Cir. 1960).

The Third Circuit has stated, "It is clear, however, that equitable principles apply to the

resolution of the issues in 60(b) cases." *Associates Discount Corporation v. Goldman*,

524 F.2d 1051, 1054 (3d Cir. 1975). *See also* 11 C. Wright & A. Miller, *Federal*

*Practice and Procedure* § 2857 (1973). There must be extraordinary circumstances

present to warrant relief under Rule 60(b), and the Rule is not to be used as a substitute

for an appeal. *See Martinez-McBean v. Govt. of the Virgin Islands*, 562 F.2d 908, 911

(3d Cir. 1977).

In the present matter, there is no attempt to evade an appeal, as the Court ruled in

favor of the Union and did not deny it any relief that it requested. In fact, the Union did

not suggest in its proposed order or elsewhere that Crowell be ordered to pay back pay to

Blisard. It would have been inappropriate to make such a request, as there was no

occasion to do so. Prior to the Court's confirmation of the Award and Crowell's

2

subsequent refusal to pay anything to Blisard, there was simply no basis to request that the Court consider this issue. Now, however, that issue is appropriately raised.

When the Arbitrator issued his Award, he contemplated and directed that Blisard would be reinstated forthwith, which means immediately, not 13 months later. The delay in complying with the forthwith aspect of the Award rests solely on the shoulders of Crowell, which occasioned the delay be its filing of the Complaint. Now, with the Court's confirmation of the Award, including its "forthwith" directive, it is apparent that Crowell's actions have resulted in Blisard being deprived of over one year's pay beyond that contemplated by the Arbitrator.

In that a Rule 60(b) motion's determination is grounded in equitable principles, it is appropriate to place the risk of loss upon the party that caused the delay, Crowell, rather than upon Blisard, who did nothing but patiently await Crowell's compliance with the terms of the Award. Regardless of whether Crowell could have reasonably anticipated that its lawsuit would result in a full year's loss of wages to Blisard, it must be held accountable for the resultant delay in compliance with the Award. To fail to require Crowell to make Blisard whole financially has the inequitable result of requiring Blisard to absorb the losses that were occasioned by legal proceedings over which he had absolutely no doing or control and permitting Crowell to fail to comply with the Arbitrator's Award, contrary to the Court's decision, for over one year with impunity. Such a result would encourage frivolous appeals from arbitration awards and undermine the finality of such awards.

3

Here, Blisard is a totally innocent party, whereas Crowell is the party that created the situation for which Blisard now finds himself financially liable.  The Court should not permit this result to occur.

Alternatively, if the Court is disinclined to grant the Union's motion by ordering Crowell to pay the lost wages to Blisard, the Union respectfully suggests that the Court remand the matter to the original arbitrator who rendered the Award, Lawrence Coburn, with instructions to determine whether Crowell should be required to pay the lost wages to Blisard, and, if so, how much it should pay him.

### III.   CONCLUSION

For the foregoing reasons, PACE Local 2-0770's Motion for Relief should be granted and an Order should be entered directing Crowell to make Blisard whole for lost wages and fringe benefits.  Alternatively, the matter should be remanded to Arbitrator Lawrence Coburn for a resolution of the back pay issues.

Respectfully submitted,


**LAW OFFICES OF JOSEPH J. RHOADES**


Joseph Rhoades, Esquire
P.O. Box 874
1200 Legal Arts Building
1225 King Street
Wilmington, DE 19899
(302) 427-9500

**MARKOWITZ & RICHMAN**

Stephen C. Richman, Esquire
Thomas H. Kohn, Esquire
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
(215) 875-3100

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant's Motion for Relief was served upon the following by United States mail, postage prepaid on the date listed below:

> Barry M. Willoughby, Esquire
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801

Joseph Rhoades, Esquire

Date: 5/12/05