IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE CROWELL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-259 JJF |
| | ) |
| PACE INTERNATIONAL UNION, | ) |
| AFL-CIO CLC LOCAL 2-0770, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RELIEF

Plaintiff, by and through the undersigned counsel, hereby responds to Defendant's Motion for Relief. Defendant's Motion should be denied for several reasons as follows:

1. First, FRCP 60(b) is inapplicable to and does not create a jurisdictional basis for Defendant's Motion. In support of its Motion, Defendant relies on the catchall exception in subpart (6) that provides that the Court may relieve a party from the effect of a judgment or order for any other reason justifying relief from "the operation" of the judgment. Defendant concedes, as it must, that Rule 60(b) is limited to extraordinary circumstances. Those circumstances are not present here. Rule 60(b) is inapplicable because Defendant is seeking relief beyond that set forth in the Court's Memorandum Opinion of March, 30, 2005, not relief from "from the operation" of a judgment or order of this Court.

2. The Court's Memorandum Opinion granted enforcement of the Arbitrator's Award dated March 26, 2004. The Court was not called to interpret the remedy the Arbitrator ordered. The issues the Union now raises in its Motion for Relief were not before the Court, nor did the Court rule on them. It is inappropriate for the Union to ask the Court to entertain a Motion under Rule 60(b) for issues that were not before it.

3.  Second, the Union has filed a new grievance, a copy of which is attached hereto as Exhibit A, seeking not only back pay, but also a requesting that the Grievant should be reinstated with less than 9 ½ points under the company Attendance policy despite the Arbitrator's explicit ruling stating that "[u]pon his reinstatement, Grievant will have nine and one-half points under the Policy, and will be subject to discharge if he accumulates ten points." It is not clear whether Defendant seeks an order from the Court on this issue. Regardless, the proper forum for resolution of this dispute, if the parties cannot otherwise resolve it in the grievance process, is through a new arbitration. Philadelphia Newspapers, Inc. v. The Newspaper Guild of Greater Philadelphia, Local 10, No. 86-6192, U.S. Dist. LEXIS 9710 (E.D. Pa. Oct. 23, 1987). (Exhibit "B")

4.  Third, if the Court were to entertain the issue of whether back pay is due and/or whether the Grievant's point total under the attendance policy should be something other than 9 ½, it will necessarily require the Court to order discovery and hold a remedy hearing. For example, although Crowell believes that back pay is not due, even if (arguendo) the Court or another tribunal were to consider the issue, the Grievant's interim earnings from other sources must be considered in mitigation. Likewise, while the Union's rationale for arguing that the Grievant should not have nine and one-half points is obtuse at best, testimony and argument on that issue would be required as well.

5.  The Union's request that the Court order a remand of the case to Arbitrator, Lawrence Colburn, is equally without merit. Under the doctrine of *functus officio* it has long been recognized that once the Arbitrator issues an award the Arbitrator is without jurisdiction for further proceedings. Office & Professional Employees International Union, Local No. 471 v. Brownsville General Hospital, 186 F. 3d 325 (3d Cir. 1999)

6. Although the Third Circuit recognizes exceptions to the doctrine, no exception is applicable here:

> (1) an arbitrator "can correct a mistake which is apparent on the fact of his award"; (2) "where the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determine"; and (3) "where the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify."

7. A plain reading of exceptions one and two shows that they are not applicable here. Exception three is likewise not applicable because the issue the Union raises is not a question of the ambiguity of the Arbitration Award, but is instead a new issue. As the Court ruled in Philadelphia Newspapers, Inc., 1987 U.S. Dist. LEXIS 9710 (E.D. Pa. 1987):

> The parties disagree as to which arbitrator they should utilize in this case. [The company] would like the case submitted to a new arbitrator selected under the arbitration clause of the collective bargaining agreement. The [union] would like the dispute remanded to Arbitrator Aronin, the original arbitrator in this case. Because this case does not involve a remand for clarification an ambiguity, but rather it involves resolution of a new dispute between the parties. I will order that the case be submitted to a new arbitrator selected under the arbitration clause of the collective bargaining agreement.

8. Finally, the fundamental proposition underlying the Union's Motion for Relief lacks legal merit. The Union seeks through its Motion to penalize Crowell for exercising its lawful right to seek review of the Arbitrator's Award. It has cited no authority for the novel proposition that a party can or should be sanctioned for exercising in good faith its legal rights. Indeed, although the Court enforced the award based on the low standard applicable to review of arbitration cases, it also ruled that Crowell had established that it had a reasonable chance to succeed when it filed this action to vacate the Arbitration Award. Memorandum Opinion at 8.

Wherefore, Crowell respectfully requests that the Defendant's Motion be denied in all respects.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Barry M. Willoughby

Barry M. Willoughby, Esquire (ID 1016)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666
Facsimile: (302) 576-3345
E-mail: bwilloughby@ycst.com
Attorneys for Plaintiff

Dated: May 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2005, I electronically filed a true and correct copy of the foregoing Plaintiff's Response to Defendant's Motion for Relief with the Clerk of the Court using CM/ECF. A copy of such Plaintiff's Response to Defendant's Motion for Relief was mailed, First Class Mail, postage prepaid to the following persons:

>Joseph Rhoades, Esquire
>P.O. Box 874
>1200 Legal Arts Building
>1225 King Street
>Wilmington, DE 19899
>
>Stephen C. Richman, Esquire
>Thomas H. Kohn, Esquire
>1100 North American Building
>121 South Broad Street
>Philadelphia, PA 19107
>
>
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>
>/s/ Barry M. Willoughby
>_____
>Barry M. Willoughby, Esquire (No. 1016)
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899-0391
>Telephone: (302) 571-6666
>Facsimile: (302) 576-3345
>Email: bwilloughby@ycst.com
>Attorney for Plaintiff

Dated: May 27, 2005