# Exhibit A

Case 1:04-cv-00259-JJF   Document 20-2   Filed 05/27/2005   Page 1 of 9

DATE: 5-3-05
LOCAL NUMBER: 2-0770
GRIEVANCE NUMBER: 5305

MEMBER'S NAME: Robert E Blisard Jr
CLOCK NUMBER: 678/341

COMPANY: Crowell Corp.

DEPARTMENT: Laminator
SUPERVISOR: Joe P.

WHEN DID GRIEVANCE OCCUR? DATE (on or about): 5-2-05    TIME: _____

GRIEVANCE REPORTED BY: _____

**COMPLAINT**

The Union charges the Company with a specific violation of Article (s) Sections 3 + 11 and any other provisions of the Agreement that may be found to apply.

STATE WHAT HAPPENED: Robert was not compensated for lost wages or points awarded.

**REMEDY REQUESTED**

To be made whole and be compensated for all lost wages and medical compensated and have points adjusted accordingly from arbitration award date March 26th 2004 to present

plus the Union demands that the Company cease and desist from violating the Collective Bargaining Agreement, that the incident(s) be rectified, that proper compensation, including benefits and overtime, at the applicable rate of pay, be paid for all losses; and further that those affected be made whole in every respect.

Mark D Cooper
SIGNATURE FOR THE UNION

[signature]
SIGNATURE FOR THE COMPANY

Shirley Cola
SIGNATURE FOR THE UNION

SIGNATURE FOR THE COMPANY

**FIRST STEP**

DATE SUBMITTED: 5-10-05
STEWARD: Mark D Cooper

ANSWER: Grievance denied. The company followed the terms of the Arbitration Award and exercised it's right that review of the decision in the alternative any ambiguity/disagreement be offset by recovery that still earning and/or refused based [illegible]

SETTLEMENT SATISFACTORY: YES☐ NO☐
DATE: _____
SIGNATURE OF CO. OFFICIAL: [signature] 5/10/05

**SECOND STEP**

DATE SUBMITTED: 5-11-05
STEWARD: Mark D Cooper

ANSWER: Grievance denied - see attached answer

SETTLEMENT SATISFACTORY: YES☐ NO☐
DATE: _____
SIGNATURE OF CO. OFFICIAL: [signature] 5/19/05

**THIRD STEP**

DATE SUBMITTED: _____    STEWARD: _____

ANSWER: _____

SETTLEMENT SATISFACTORY: YES☐ NO☐
DATE: _____    SIGNATURE OF CO. OFFICIAL: _____

**FOURTH STEP**

DATE SUBMITTED: _____    STEWARD: _____

UNION REPLY TO COMPANY'S FIRST STEP ANSWER
GRIEVANCE 5305
ROBERT E. BLISARD JR.

THE UNION IS REJECTING THE COMPANY'S FIRST STEP IN THIS GRIEVANCE

THE UNION REQUESTS THE COMPANY PAY MR. BLISARD APPROPRIATE COMPENSATION FOR THE TIME THEY KEPT HIM OUT OF WORK IN VIOLATION OF THE ARBITRATOR'S AWARD WHILE THEY ATTEMPTED TO HAVE THE ARBITRATOR'S BINDING

(2)

AWARD OVERTURNED IN COURT. APPROPRIATE COMPENSATION AND POINTS (ATTENDANCE) SHOULD BE AWARDED MR BLISARD FOR THE TIME THE COMPANY KEPT HIM OUT OF WORK. MR BLISARD SHOULD ALSO BE PAID FOR ANY 401K CHARGES AND BENEFITS LOST DURING THIS PERIOD

---

**1ST STEP**
DATE SUBMITTED: 5-10-05
STEWARD: Mark D Cooper
ANSWER: Grievance denied. The company followed the terms of the Arbitration Award and exercised its right that requires the decision, in the alternative this ruling must be offset by the award that will carry on and/or reversed based [illegible] late and damages
SETTLEMENT SATISFACTORY: YES☐ NO☐
DATE:
SIGNATURE OF CO. OFFICIAL: Paul 5/10/05

**2ND STEP**
DATE SUBMITTED: 5-11-05
STEWARD: Mark D Cooper
ANSWER: Grievance denied - see attached answer
SETTLEMENT SATISFACTORY: YES☐ NO☐
DATE:
SIGNATURE OF CO. OFFICIAL: Paul 5/19/05

**3RD STEP**
DATE SUBMITTED:
STEWARD:
ANSWER:
SETTLEMENT SATISFACTORY: YES☐ NO☐
DATE:
SIGNATURE OF CO. OFFICIAL:

19 May 2005

      The grievance is denied. The company has complied with the terms of the arbitration award by reinstating Mr. Blisard. The company has a statutory and legal right to seek review of the arbitration which it exercised in good faith. In the alternative, and without prejudice to the employer's view that he is not entitled to any payment, Mr. Blisard is not entitled to a double recovery. He worked elsewhere before his reinstatement and has not submitted evidence of his earnings.

WP3:1113584.1

# Exhibit B

Source: Legal > / . . . / > Federal Court Cases, Combined [i]
Terms: name(philadelphia newspapers and newspaper guild) and date(geq (10/21/1987) and leq (10/21/1987))   (Edit Search)

*1987 U.S. Dist. LEXIS 9710, \**

**Philadelphia Newspapers,** Inc v. The **Newspaper Guild** of Greater Philadelphia, Local 10

Civil Action No. 86-6192

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1987 U.S. Dist. LEXIS 9710

**October** 21, 1987, Decided; October 23, 1987, Filed

**CORE TERMS:** arbitration, arbitrator, clarification, grievant, collective bargaining agreement, advertising, complied, artist, substantially equivalent, arbitration award, reinstated, grievance, offering, summary judgment, reconsideration, ambiguous, ambiguity, editorial, collateral issue, retain jurisdiction, arbitration clause, reasonable cause, first amendment, null and void, case history, reinstatement, discharged, cartoonist, suspension, reinstate

**COUNSEL:** [*1]

Richard S. Meyer, Esq. Attorney for Philadelphia Newspapers, Inc.

Lee W. Jackson, Esq., and Nancy B. G. Lassen, Esq., Attorney's for The Newspaper Guild, Barry, Tulsky, and Caparella.

**OPINIONBY:** NEWCOMER

**OPINION:** MEMORANDUM

NEWCOMER, J.

Once again this Court must consider an arbitration issue in this case. Because the procedure in this case is becoming complex, I feel I must outline the case history below.

I. Case History

Plaintiff Philadelphia Newspapers, Inc. (P.N.I.) is a corporation which owns and publishes a daily newspaper known as the Philadelphia Daily News. Defendant Newspaper Guild of Greater Philadelphia, Local 10 (the Guild), an unincorporated association, is a labor organization which was the collective bargaining representative of employees at the Philadelphia Daily News during the time period relevant to this action. PNI and the Guild were parties to a collective bargaining agreement which provided for arbitration as a dispute resolution mechanism. Article 17(b) of the collective bargaining agreement stated

Subject to the provisions of Section (a) of this Article the Employer will not discharge any employee except for good and reasonable cause . . . . [T]he arbiter's decision [*2] shall be restricted solely to a finding of whether or not the discharge was for good and reasonable cause and if the decision is in favor of the Employer, the award shall be limited to sustaining the discharge, and if in favor of the employee or employees discharged, the award shall be limited to reinstatement with full pay for all time lost.

Robert T. Lawlor (Lawlor), a full-time editorial page cartoonist for the Philadelphia Daily News,

produced a cartoon that was published on the editorial page on December 24, 1984. The cartoon included Lawlor's estranged wife's unpublished telephone number. On January 23, 1985 P.N.I. notified Lawlor of his discharge. The Guild grieved Lawlor's discharge under Article 17(b) of the Agreement. The Guild's grievance was not resolved and the dispute was submitted to arbitration.

The parties selected Louis Aronin as the arbitrator to hear the Guild's grievance over Lawlor's discharge. Arbitrator Aronin conducted hearings, and both parties had the opportunity to present witnesses for direct and cross-examination, to submit evidence, and to argue their respective positions. Pursuant to a written opinion and Award dated July 1, 1986, Arbitrator Aronin **[*3]** sustained the Guild's grievance and issued the following award:

1) Grievant Rob Lawlor was not discharged for just cause;
2) Grievant Rob Lawlor's discharge shall be converted to a two week disciplinary suspension without pay, effective January 23, 1985;
3) Grievant shall be reinstated with all rights and benefits to his former, or substantially equivalent, position, and shall be made whole for all losses suffered as a result of said discharge, less the two week suspension;
4) The undersigned will retain jurisdiction for 60 days from the date of this Award to resolve any problems which the parties are unable to resolve relating to the implementation of this Award.
(emphasis added)

By letter dated July 16, 1986, PNI confirmed to t he Guild that Lawlor could return to employment and be assigned to the position of advertising artist. Lawlor accepted the advertising artist position and returned to work. The Guild, however, contended that offering Lawlor the position of advertising artist did not comply with the July 1 arbitration award. On July 24, 1986, the Guild requested that Arbitrator Aronin clarify his award to determine whether PNI's offering to Lawlor of the advertising artist's **[*4]** position complied with the arbitration award. PNI objected to the Guild's clarification request. On July 29, 1986, Arbitrator Aronin stated his intention to clarify the July 1 award unless good cause could be shown as to why he should not do so. The parties submitted briefs on the clarification request. On September 17, 1986, Arbitrator Aronin issued an "Order Clarifying Award" which stated, in part, that:

[P]aragraph (3) of the Award dated July 1, 1986, is hereby clarified to require that Grievant Rob Lawlor shall be reinstated to his former position of Editorial Cartoonist, of if that job no longer exists because of reasons other than Grievant's discharge, then to a substantially equivalent position. (emphasis added).

PNI has refused to reassign Lawlor as editorial page cartoonist for the Philadelphia Daily News. On October 22, 1986 PNI filed a complaint and petition to vacate the arbitrator's order clarifying the arbitration award and to preclude enforcement. PNI filed a motion for summary judgment and the Guild filed a cross motion for summary judgment.

In an order dated September 28, 1987, this Court granted PNI's motion for summary judgment in part and denied it in part. **[*5]** The Court granted the motion to the extent that it sought to have the arbitration clarification order vacated. This Court held that Arbitrator Aronin was functus officio after he issued his July 1, 1986 award directing that Lawlor be "reinstated with all rights and benefits to his former, or substantially equivalent position." Consequently, the arbitrator's clarification order is null and void. The primary issue left for determination by the fact finder is whether PNI complied with the arbitrator's July 1, 1986 reinstatement order by offering Lawlor a position as an advertising artist.

This case was called for trial October 7, 1987. Immediately before the case was to be heard, the Guild filed a motion for reconsideration and a motion for remand to the arbitrator. I will deny the Guild's motion for reconsideration, but I will grant the Guild's motion for remand. The remand will be for the limited purpose of determining two issues: (1) whether PNI complied with the July 1, 1987 arbitration order; (2) if the July 1, 1986 award required PNI to reinstate Mr. Lawlor to the position of

Editorial Cartoonist, whether this action is prohibited by the first amendment to the United States **[*6]** Constitution.

II. Discussion

The Guild insists that the July 1, 1986 arbitration order must be remanded for clarification because it is ambiguous. There is nothing ambiguous within the terms of the order: "Grievant shall be reinstated with all rights and benefits to his former or substantially equivalent, position . . ." The confusion arose in this case only after PNI attempted to comply with the order by offering Lawlor a position as an Advertising Artist. Arbitrator Aronin then issued his clarification order basically concluding that PNI's actions were insufficient under his understanding of the July 1, 1986 award. These facts indicate that the original order was not ambiguous, but rather Arbitrator Aronin's clarification order created any ambiguity that may have existed. Since this Court has previously held that Arbitrator Aronin's clarification order is null and void because it was delivered without authority or jurisdiction, the July 1, 1986 order, clear on its face and lacking any ambiguity, controls. There is, therefore, no need for clarification of the order.

This case should be remanded to arbitration, however, to determine the collateral issue of whether PNI has complied **[*7]** with the July 1, 1986 award. The implementation of the July 1 award has created a new dispute between the parties. Keeping in mind the parties' commitment in their collective bargaining agreement to resolve labor disputes through arbitration, I think it is only fair that this collateral issue be resolved in arbitration. Matters of compliance constitute a separate and distinct grievance appropriated for arbitration. See Union De Trabajadores Petroquinicos v. Union Carbide Carbide, Inc., 678 F.Supp. 99, 102 (D.P.R. 1986); United Papermakers and Paperwords v. West-Vaco Corp., 461 F.Supp. 1022, 1025, (W.D. Va. 1978).

The parties disagree as to which arbitrator they should utilize in this case. PNI would like the case submitted to a new arbitrator selected under the arbitration clause of the collective bargaining agreement. The Guild would like the dispute remanded to Arbitrator Aronin, the original arbitrator in this case. Because this case does not involve a remand for clarification of an ambiguity, but rather it involves resolution of a new dispute between the parties. I will order that the case be submitted to a new arbitrator selected under the arbitration clause of the collective **[*8]** bargaining agreement.

An appropriate Order follows.

ORDER

AND NOW, this 21st day of October, 1987, upon consideration of defendant's motion to reconsider and motion to remand to arbitration, it is hereby Ordered:

1. The motion for reconsideration is DENIED.

2. The motion for remand is GRANTED under the following circumstances. The parties shall expeditiously select a new arbitrator under the collective bargaining agreement to consider the following issues: (a) whether PNI has complied with the Arbitration Award by reinstating grievant Robert Lawlor to the position of Advertising Artist; and (b) If the July 1, 1986 award requires PNI to reinstate Mr. Lawlor to the position of Editorial Cartoonist, whether this action is prohibited by the first amendment to the United States Constitution.

3. Arbitration proceedings shall be concluded within sixty (60) days absent circumstances beyond the parties' control.

4. This Court shall retain jurisdiction pending resubmission of this dispute to an Arbitrator for entry of a final order.

AND IT IS SO ORDERED.

Clarence C. Newcomer, J.

Source: Legal > / . . / > Federal Court Cases, Combined
Terms: name(philadelphia newspapers and newspaper guild) and date(geq (10/21/1987) and leq (10/21/1987))  (Edit Search)
View: Full
Date/Time: Tuesday, May 24, 2005 - 1:09 PM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved