IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE CROWELL CORPORATION,      :
                              :
        Plaintiff,            :
                              :
    v.                        :    Civil Action No. 04-259 JJF
                              :
PACE INTERNATIONAL UNION,     :
AFL-CIO CLC LOCAL 2-0770,     :
                              :
        Defendant.            :

## MEMORANDUM ORDER

Pending before the Court is Defendant's Motion For Relief.
(D.I. 19.)  For the reasons discussed, the Court will deny the
Motion.

## BACKGROUND

Plaintiff The Crowell Corporation ("Crowell") is a Delaware
manufacturer of packing tape and other products.  It has a
collective bargaining agreement with Defendant PACE International
Union ("the Union").  (See D.I. 14, Ex. 1.)  On July 10, 2003,
Crowell discharged Union member Robert Blisard ("Mr. Blisard")
from his employment with Crowell.  The Union grieved Mr.
Blisard's discharge and the case was submitted to arbitration
pursuant to Section XI of the collective bargaining agreement.
On March 26, 2004, the arbitrator ordered Crowell to reinstate
Mr. Blisard "forthwith," but without back pay.  Instead of
complying immediately, Crowell filed an action in this Court
seeking to vacate the arbitrator's award.  (D.I. 1.)  On March

30, 2005, the Court granted the Union's Motion For Summary
Judgment (D.I. 18), confirming the arbitrator's award.  On May 2,
2005, Crowell reinstated Mr. Blisard.

## DISCUSSION

By its motion, the Union requests the Court to grant it
relief from the Order Of Summary Judgment that was decided in its
favor, "to the extent that the Order does not provide for
monetary relief for [Mr. Blisard] . . . ."  (D.I. 19 at 1.)
Specifically, the Union requests that the Court either order
Crowell to pay Mr. Blisard back pay for the period between the
date of the arbitrator's order and the date that Crowell
reinstated him, or remand the matter to the arbitrator.  The
Union's Motion states that its request is pursuant to Federal
Rule of Civil Procedure 60(b).  (Id.)  However, the language in
its supporting brief makes it clear that the Union is relying
specifically on Rule 60(b)(6).  (D.I. 19, Brief, at 2.)

In response, Crowell contends that the extraordinary
circumstances necessary to justify relief under Rule 60(b)(6) are
not present in this case, that it would be inappropriate for the
Court to grant relief on the issue of back pay when that issue
was not previously before the Court, that the issue is already
scheduled for arbitration, and that granting the requested relief
would be to sanction Crowell for the good faith exercise of its

2

legal right to contest the arbitrator's award.

The Court of Appeals for the Third Circuit has held that relief under Rule 60(b)(6) is appropriate only where there are extraordinary and special circumstances. Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004). Such circumstances are present where "without such relief, an extreme and unexpected hardship would occur." Sawka v. Healtheast, 989 F.2d 138 (3d Cir. 1993). From the facts before it, the Court cannot find such circumstances in this case. The issue of whether Mr. Blisard should be awarded back pay for the period when Crowell's challenge was pending was apparent from the moment that Crowell filed its complaint. The Union's failure to raise the issue prior to final judgement does not create an extraordinary or special circumstance sufficient to justify relief under Rule 60(b)(6).

In its brief, the Union contends that it would have been inappropriate to raise the issue of back pay prior to the Court's confirmation of the arbitrator's award. (D.I. 19, Brief, at 2-3.) However, in the Court's view, the Union should have raised the issue in pleading joining the issue with Crowell's claims. It is not unusual for a defendant, for instance, to use a counterclaim to raise the issue of back pay during the pendency of a challenge to an arbitration award. See MidAmerican Energy

3

Co. v. Int'l Bhd. of Elec. Workers Local 499, 345 F.3d 616 (8th Cir. 2003); Marshall Durbin Cos., Inc. v. United Food and Commercial Workers Union, Local 1991, 254 F.3d 1081 (5th Cir. 2001); Yamaha Int'l Corp. v. United Furniture Workers of America, AFL-CIO, 892 F.2d 80, 1989 WL 153964 (6th Cir. 1989).

Finally, the Court notes that denial of the Union's Motion will not foreclose the Union and Mr. Blisard from a full hearing on the merits of the issue. In addition to filing the instant Motion, the Union has pursued the matter through the grievance procedures prescribed by the collective bargaining agreement, and the question of whether Mr. Blisard is entitled to the requested back pay will be arbitrated on November 22, 2005. (D.I. 22 & 23.)

**CONCLUSION**

For the reasons discussed, the Court concludes that the Union has not shown the extraordinary and special circumstances necessary to justify relief from a final judgment under Rule 60(b)(6). Therefore, the Court will deny the Union's Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion For Relief (D.I. 19) is **DENIED**.

October 25, 2005
DATE

UNITED STATES DISTRICT JUDGE